1  NEAL S. SALISIAN, SBN 240277
   neal.salisian@salisianlee.com
2  GLENN R. COFFMAN, SBN 305669
   glenn.coffman@salisianlee.com
3  JARED T. DENSEN, SBN 325164
   jared.densen@salisianlee.com
4  **SALISIAN | LEE LLP**
   550 South Hope Street, Suite 750
5  Los Angeles, California 90071-2924
   Telephone:  (213) 622-9100
6  Facsimile:   (800) 622-9145

7  MARISA D. POULOS (SBN 197904)
   marisa.poulos@balboacapital.com
8  **BALBOA CAPITAL CORPORATION**
   575 Anton Boulevard, 12th Floor
9  Costa Mesa, California 92626
   Tel: (949) 399-6303

10

11 Attorneys for Plaintiff
   AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>            Plaintiff,<br><br>    vs.<br><br>KATIA SOLER, an individual,<br><br>            Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A/ BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF PERSONAL GUARANTY** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant Katia Soler ("Soler" or "Defendant"), an individual, is and at all times relevant to this action was, a resident of the County of Osceloa, State of Florida, and was an officer, director, shareholder, agent and/or owner of JKJC Enterprise Inc ("JKJC")[1].

3. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

4. Pursuant to the Equipment Financing Agreement and Guaranty described herein below, Defendants agreed those documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **30. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA.** Debtor submits to the jurisdiction of California and agrees that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in the California State Courts of Orange County California and/or the United States District Court for the Central District of California, Santa Ana Division.

---

[1] Balboa is not naming JKJC as a defendant in the present lawsuit due to the Chapter 11 bankruptcy that JKJC filed prior to this action.

5.     <u>Jurisdiction</u>.  This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a).

6.     <u>Venue</u>.  This case is properly venued in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

## FIRST CAUSE OF ACTION

### (Breach of Personal Guaranty)

### (Against Soler)

7.     Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

8.     Prior to July 2022, Balboa is informed and believes that Soler initiated and engaged with Florida Kenworth, LLC located at 1800 North Orange Blossom Trail, Orlando, Florida 32845 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral") for its business.  The Equipment Vendor worked with JKJC in the selection of the Collateral and in coordinating its delivery.

9.     Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of JKJC electronic credit application to Balboa and other financial institutions.  Upon review, JKJC concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements.  Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from JKJC to finance the Collateral being supplied by the Equipment Vendor.

10.    On or about July 28, 2022, JKJC executed a certain written Equipment Financing Agreement No. 313926-003 (the "EFA"), under the terms of which Balboa loaned to JKJC the sum of Two-Hundred Twenty Thousand Three Hundred Six Dollars and Fourteen Cents ($220,306.14) in order to finance the Collateral for

its business. The EFA required JKJC to make seventy-two (72) monthly payments of $3,789.00, payable on the 27th day of each month beginning September 27, 2022. A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

11. The last payment received by Balboa was credited toward the monthly payment due for December 27, 2023. Therefore, on or about January 27, 2024, JKJC breached the EFA by failing to make the monthly payment due on that date. JKJC's failure to make timely payments is a default under the terms of the EFA.

12. In accordance with the EFA, and as a proximate result of JKJC's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa. Therefore, there became due the sum of $212,184.00. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by JKJC.

13. In addition, the terms of the EFA provide that JKJC is liable to Balboa for late charges on all payments not made in a timely manner. As of the date of the filing of Balboa's Complaint, late charges in the sum of $454.68, are now due and owing.

14. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of JKJC.

15. As a proximate result of JKJC's breach of the EFA, Balboa has been damaged in the total sum of $212,638.68, plus prejudgment interest from January 27, 2024, until the entry of judgment herein.

16. Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with JKJC, Soler guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty signed

by Soler (the "Guaranty") is attached as **Exhibit B** and incorporated herein by reference.

17. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of Soler.

18. Following a default of JKJC under the terms of the EFA, Balboa demanded Soler make the payments required under the EFA. Soler failed to meet the Guaranty obligations and make the payments required under the EFA.

19. Pursuant to the terms of Guaranty, the sum of $212,638.68, plus prejudgment interest from January 27, 2024, is due and payable to Balboa from Soler. This Complaint, in addition to previous demands, shall constitute further demand upon Soler to pay the entire indebtedness due and owing from JKJC to Balboa under the terms of the EFA.

20. Under the terms of the Guaranty, Soler promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs, as against Soler.

21. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining the Collateral and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

**On the First Cause of Action:**

1. The sum $212,638.68;

Prejudgment interest from January 27, 2024 to the date of entry of judgment;

3. Late charges and non-sufficient charges in an amount to be proven at trial;

4. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

5. Reasonable attorneys' fees and costs;

6. Costs of suit as provided by law; and

7. Such other and further relief that the Court considers proper.

DATED: April 19, 2024               SALISIAN | LEE LLP

By: _____
Neal S. Salisian
Jared T. Densen
Glenn Coffman

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

5

COMPLAINT