___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-00868-FWS-JPR | Date: August 30, 2024 |
| Title: Ameris Bank v. Katia Soler | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal for Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN SUBSTANTIAL PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [15]**

    In this case, Plaintiff Ameris Bank, doing business as Balboa Capital Corporation ("Balboa"), alleges that Defendant Katia Soler ("Defendant") breached a personal guaranty of an entity's contractual obligations. (Dkt. 1 ("Complaint" or "Compl.").) Defendant failed to appear and the Clerk entered default against her. (Dkt. 13.) Now before the court is Balboa's Motion for Default Judgment ("Motion" or "Mot."). (Dkt. 15.) The Motion is supported by the declarations of Balboa's "Legal Collector," Don Ngo, (Dkt. 15-1, "Ngo Decl."), and Balboa's counsel, Jared T. Densen, (Dkt. 15-2, "Densen Decl."). No opposition to the Motion has been filed. (*See generally* Dkt.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for September 12, 2024, is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED IN SUBSTANTIAL PART**.

I.    **Background**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-00868-FWS-JPR | Date: August 30, 2024 |
| Title: Ameris Bank v. Katia Soler | |

Defendant "was an officer, director, shareholder, agent and/or owner of JKJC Enterprise Inc." ("JKJC"). (Compl. ¶ 2.) On July 28, 2022, JKJC executed an agreement titled Equipment Financing Agreement No. 313926-003 (the "EFA"), under which Balboa agreed to loan JKJC $220,306.14, and in exchange JKJC agreed to make 72 monthly payments of $3,789.00 on the 27th day of each month beginning September 27, 2022, for a total repayment amount of $272,808.00. (*Id*. ¶ 10; Dkt. 1-1, Ex. A [EFA] at 1.) The EFA provides that JKJC's failure to make any payment within three business days of the due date constitutes an "event of default." (EFA ¶ 18.) In an "event of default," Balboa has the right to "sue for and recover from [JKJC] the sum of: (1) all unpaid Monthly Payments and other payments, including late charges and interest, due under this Agreement then accrued, all accelerated future payments due through the last day of the term of this Agreement," (2) attorney fees and costs, and (3) "any and all other damages proximately caused by [JKJC's] default," among other amounts. (*Id*. ¶ 19.)

In a Personal Guaranty (the "Guaranty") executed concurrently with the EFA, Defendant guaranteed "the prompt payment and performance of any and all obligations of [JKJC] under the EFA and any other financial transaction of any kind whatsoever, whether now existing or hereafter arising with [Balboa]." (*Id*. ¶ 16; Dkt. 1-1, Ex. B [Guaranty] at 1.) The Guaranty further provided that "this is a guaranty of payment and not of collection, and that [Balboa] can proceed directly against [Defendant] without first proceeding against [JKJC] or against the Equipment covered by the EFA or against any collateral or security held by [Balboa]." (*Id*.)

JKJC made several monthly payments as agreed in the EFA, but failed to make payments beginning January 27, 2024. (Compl. ¶ 11.) "Following a default of JKJC under the terms of the EFA, Balboa demanded [Defendant] make the payments required under the EFA," but Defendant "failed to meet the Guaranty obligations and make the payments required under the EFA." (*Id*. ¶ 18.) Balboa then filed this case, alleging Defendant breached the Guaranty and seeking from Defendant the monthly payments still owed under the EFA, plus late charges; interest from the dates of breach until the entry of judgment; and attorney fees and costs related to filing this case and serving Defendant. (*See generally id.*; Dkt. 15-3 (Proposed Judgment).)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-00868-FWS-JPR | Date: August 30, 2024 |
| Title: Ameris Bank v. Katia Soler | |

## II.     Legal Standards and Discussion

In determining whether granting default judgment is appropriate, the court examines (1) its jurisdiction, (2) whether Balboa meets the procedural requirements for default judgment, (3) whether Balboa meets the substantive requirements for default judgment, and (4) whether it is appropriate to grant the particular relief Balboa seeks.

### A. Subject Matter Jurisdiction and Personal Jurisdiction

Before entering default judgment against a non-appearing party, district courts have an affirmative duty to consider subject matter jurisdiction and personal jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citation omitted). Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a).

First, the court finds that Balboa has sufficiently established subject matter jurisdiction. The Complaint alleges that the court has diversity jurisdiction under 28 U.S.C. § 1332. (Compl. ¶ 5.) Balboa states that it is a California corporation with its principal place of business in California, and that "Balboa is also now a wholly owned subsidiary of Ameris Bank, and operating as a division of Ameris Bank, a Georgia state-chartered banking corporation, and accordingly, Balboa is a citizen of the State of California, as well as the State of Georgia, via its parent company, Ameris Bank." (Densen Decl. ¶ 8.) Balboa further states that Defendant "is a citizen of the State of Florida," based on facts "including the Driver's License [Defendant] provided to Balboa which lists [Defendant's] domicile as Kissimmee, FL 34746." (Densen Decl. ¶ 9.) The court also notes that Defendant was personally served in Cocoa Beach, Florida, (Dkt. 10; *see* Mot. at 11), further supporting the notion that Defendant is a Florida citizen.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-00868-FWS-JPR | Date: August 30, 2024 |
| Title: Ameris Bank v. Katia Soler | |

Finally, Balboa seeks damages in excess of $75,000.  (*See* Proposed Judgment); 28 U.S.C. § 1332.  Accordingly, the court finds that Balboa has made a sufficient showing that the court has diversity jurisdiction.

Second, the court finds that it may exercise personal jurisdiction over Defendant under the terms of the Guaranty.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) ("[B]ecause the personal jurisdiction requirement is a waivable right, there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court," including by "stipulat[ing] in advance to submit . . . controversies for resolution within a particular jurisdiction.") (internal quotation marks and citations omitted); *S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007) ("[T]he parties may consent to jurisdiction through a forum selection clause in a contract.").  The Guaranty states, in bold and all capital letters, "**YOU CONSENT TO THE JURISDICTION OF THE COUNTY OF ORANGE IN THE STATE OF CALIFORNIA**."  (Guaranty at 1.)  The record before the court adequately demonstrates the Guaranty was "freely negotiated," is not "unreasonable or unjust," and is therefore enforceable.  *See Burger King Corp.*, 471 U.S. at 472 n.14 (citation omitted); *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081-82 (9th Cir. 2009).  The court concludes Defendant consented to personal jurisdiction in this California court by signing the Guaranty.

Courts must also determine whether there was sufficient service of process on the parties against whom default judgment is requested.  *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).  Here, the court finds Defendant was adequately served under Federal Rule of Civil Procedure 4.  (*See* Dkt. 10 (Proof of Service); Mot. at 2, 11.)

### B.  Procedural Requirements

The court turns to the procedural requirements of default judgment.  A party seeking default judgment must satisfy the procedural requirements of the Federal Rules of Civil Procedure and the Central District of California's Local Rules.  *Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc.*, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018).  Under Federal Rule of Civil Procedure 55(b), a party may only seek default judgment from the court following an entry of default by the Clerk of Court.  Fed. R. Civ. P. 55(b).  The party also must comply with

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00868-FWS-JPR                                           Date: August 30, 2024
Title: Ameris Bank v. Katia Soler

Local Rule 55-1 by submitting a declaration alongside the motion for default judgment that includes the following information:

> (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (5) that notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2).

C.D. Cal. L.R. 55-1.

The court finds Balboa has met the procedural requirements for default judgment. The clerk entered default against Defendant on August 9, 2024. (Dkt. 13.) Balboa's counsel represents that Defendant is not a minor, incompetent person, or person protected by the Servicemembers Civil Relief Act. (Densen Decl. ¶ 4, Ex. D.) Although notice of the motion was not required because Defendant failed to appear, Fed. R. Civ. P. 55(b)(2), Balboa gave Defendant notice of the motion via U.S. Mail. (Dkt. 15-4 (Proof of Service).) Therefore, the court finds Balboa satisfied the procedural requirements for entry of default judgment.

### C.  Substantive Requirements (*Eitel* Factors)

When a party seeking default judgment meets the procedural requirements, the court then considers the factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), to determine whether to grant the requested default judgment, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00868-FWS-JPR　　　　　　　　　　　　　Date: August 30, 2024
Title: Ameris Bank v. Katia Soler

excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.  "The district court's decision whether to enter a default judgment is a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

### 1. Possibility of Prejudice to Balboa

The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered."  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Although Defendant was served, she has not appeared in this action.  (*See generally* Dkt.)  Accordingly, the court finds Balboa will be prejudiced if default judgment is not entered because Balboa will "likely be without other recourse for recovery."  *See PepsiCo*, 238 F. Supp. 2d at 1177; *see Seiko Epson Corp. v. Prinko Image Co. (USA)*, 2018 WL 6264988, at *2 (C.D. Cal. Aug. 22, 2018) ("Given Defendant's unwillingness to answer and defend, denying default judgment would render Plaintiffs without recourse.").  Therefore, the court finds the first *Eitel* factor weighs in favor of granting default judgment.  *See, e.g.*, *Ameris Bank v. Miljanovic Trucking, Inc.*, 2024 WL 3740050, at *2 (C.D. Cal. June 20, 2024) ("Based on the facts established by the Complaint, the Court concludes that Balboa would suffer a significant loss due to Miljanovic's failure to acknowledge the litigation, while Miljanovic would obtain a significant windfall. Balboa originally loaned Miljanovic $163,501.64, of which Miljanovic has repaid less than half. Balboa would suffer prejudice if the Motion is denied because it would have no other recourse to recover the money owed to it under the EFA."); *Ameris Bank v. Key Carrier Grp., Co.*, 2024 WL 3740093, at *3 (C.D. Cal. June 28, 2024) (similar).

### 2. & 3. The Merits of Balboa's Substantive Claims and the Sufficiency of the Complaint

Even when default is entered, courts must still determine whether the facts alleged give rise a cognizable cause of action because "claims [that] are legally insufficient . . . are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).  The second and third *Eitel* factors address the substantive merits of a plaintiff's claims and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00868-FWS-JPR          Date: August 30, 2024
Title: Ameris Bank v. Katia Soler

sufficiency of the Complaint, and "require that a plaintiff state a claim on which [the plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003); *Eitel*, 782 F.2d at 1471; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (explaining "the issue [as to the second and third factors] is whether the allegations in the complaint are sufficient to state a claim"); *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together.").

Balboa alleges Defendant breached the Guaranty. (Compl. ¶¶ 7-21.) An enforceable contract under California law consists of (1) parties are capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration. *See* Cal. Civ. Code § 1550. To sufficiently allege a claim for breach of contract under California law, a plaintiff must allege (1) "the existence of the contract"; (2) the "plaintiff's performance or excuse for nonperformance"; (3) the "defendant's breach"; and (4) "the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citation omitted); *see CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008) (same).

The court finds Balboa adequately alleges its breach of contract claim. First, taking Balboa's allegations as true and reviewing the evidence attached to the Complaint and Motion, there was a valid and enforceable contract between Balboa and Defendant. (*See* Compl. ¶ 16, Ex. B); *see also Beacon Sales Acquisition, Inc. v. S. W. Solar, Inc.*, 2022 WL 3574413, at *2 (C.D. Cal. June 7, 2022) ("Usually, a written contract can be pleaded by alleging its making and attaching a copy which is incorporated by reference."); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true."). Under the Guaranty, Defendant "guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA." (Compl. ¶ 16, Ex. B.) Second, "Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of [Defendant]." (*Id.* ¶ 17.) Third, after JKJC defaulted, "Balboa demanded [Defendant] make the payments required

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00868-FWS-JPR                                    Date: August 30, 2024
Title: Ameris Bank v. Katia Soler

under the EFA," but Defendant failed to pay. (*Id.* ¶ 18.) Fourth, Balboa was damaged. (*Id.* ¶¶ 15, 19-20.) The court finds that Balboa sufficiently alleges that Defendant breached the Guaranty. The court therefore concludes the second and third *Eitel* factors favor entry of default judgment.

### 4. Sum of Money at Stake

The fourth *Eitel* factor considers "the amount of money at stake in relation to the seriousness of Defendant[s'] conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This factor compares the "recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." *United States v. Bronster Kitchen, Inc.*, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). "However, when 'the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate'" even for significant sums. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014).

Here, Balboa seeks a total of $234,392.95. (Proposed Judgment.) The court finds that this amount, though not insignificant, arises directly from the contract at issue and is tailored to Defendant's specific misconduct. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) (affirming default judgment award of nearly $1.5 million when district court found that "[NewGen] only seeks contractual damages directly proportional to [Safe Cig]'s breach of the contracts" and thus "the amount of money at stake does not bar an entry of default judgment") (alterations in original); *see also Wells Fargo Bank, N.A. v. Darmont Constr. Corp.*, 2021 WL 5862170, at *3 (C.D. Cal. July 29, 2021) ("The remedy for breach of contract is typically money damages, and 'the amount awarded is determined with the purpose of putting the injured party in as good a position as he would have occupied, had the contract been fully performed by the defendant.'") (quoting *Pay Less Drug Stores v. Bechdolt*, 92 Cal. App. 3d 496, 501 (1979)). "Since the relevant agreements clearly define the remedy for breach," the court finds the fourth *Eitel* factor weighs in favor of granting default judgment. *Ameris Bank v. Old Pylon Trucking, LLC*, 2024 WL 2406693, at *3 (C.D. Cal. Apr. 16, 2024); *see also, e.g., Key Carrier Grp.*, 2024 WL 3740093, at *4 ("Because Defendant is contractually obligated to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00868-FWS-JPR                                         Date: August 30, 2024
Title: Ameris Bank v. Katia Soler

pay the requested damages, the court finds the requested damages are sufficiently tailored to Defendant's misconduct, namely breach of the EFA.").

### 5. Possibility of a Dispute Concerning Material Facts

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case." *PepsiCo*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (quoting *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). When a plaintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the likelihood of disputed facts is low. *See Landstar Ranger, Inc. v. Parth Entm't, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Given that Balboa's factual allegations are taken as true, that Balboa has attached to the Complaint its agreements with JKJC and Defendant, and that Defendant has failed to oppose Balboa's motion or appear in any way, the court is not aware of any factual disputes that would preclude the entry of default judgment. *See id.* Accordingly, the court concludes the fifth *Eitel* factor weighs in favor of granting default judgment. *See, e.g.*, *Miljanovic Trucking, Inc.*, 2024 WL 3740050, at *2 ("Here, Balboa has adequately alleged a breach of contract in its Complaint, so there is little possibility of a dispute concerning material facts."); *Key Carrier Grp.*, 2024 WL 3740093, at *5 (similar).

### 6. Whether Default Was Due to Excusable Neglect

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *PepsiCo*, 238 F. Supp. 2d at 1177. Where a defendant is "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," the default "cannot be attributed to excusable neglect." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Here, there is no indication that Defendant's default was due to excusable neglect because she failed to appear altogether despite being served with the Complaint. *See Adobe Sys. Inc. v. Kern*, 2009 WL 5218005, at *6 (N.D. Cal. Nov. 24, 2009) ("Defendant's voluntary decision to allow default to be entered contradicts any argument for excusable neglect."); *Landstar Ranger*, 725 F. Supp. 2d at 922 (finding "the possibility of excusable neglect [was] remote" when the defendant was properly served). Thus, the court concludes that the sixth *Eitel* factor weighs in favor of entering default judgment. *See,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:24-cv-00868-FWS-JPR | Date: August 30, 2024 |
| Title: Ameris Bank v. Katia Soler | |

*e.g.*, *Key Carrier Grp.*, 2024 WL 3740093, at *5 ("Because the record indicates that Plaintiff properly served Defendant, the court concludes the possibility of excusable neglect is minimal."); *Miljanovic Trucking, Inc.*, 2024 WL 3740050, at *3 ("Here, Miljanovic was served with the Complaint, the request for entry of default, and the Motion. There appears little possibility that the default resulted from excusable neglect.") (citations omitted).

### 7. Policy Favoring Decision on the Merits

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (citation omitted). While "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472 (citation omitted), "this preference, standing alone, is not dispositive," *PepsiCo*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. 1996)). Therefore, "when a defendant fails to appear and respond, default judgment is appropriate." *Allstate Life Ins. Co. v. Markowitz*, 590 F. Supp. 3d 1210, 1217 (C.D. Cal. 2022) (citation omitted); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1083 (C.D. Cal. 2012) (similar). Defendant's choice not to defend herself in this case renders a decision on the merits "impractical, if not impossible." *PepsiCo Inc.*, 238 F. Supp. 2d at 1177. "Thus, the preference to decide cases on the merits does not preclude a court from granting default judgment." *Id.* (internal quotation omitted). Accordingly, the court finds this factor weighs in favor of granting default judgment. *See, e.g.*, *Miljanovic Trucking, Inc.*, 2024 WL 3740050, at *3 ("The preference for resolution on the merits is not dispositive of entering default judgment when the other *Eitel* factors favor such, as is the case here.").

### 8. Conclusion on the *Eitel* Factors

On balance, the court finds that the *Eitel* factors weigh in favor of granting Balboa default judgment against Defendant.

### D. Balboa's Requested Relief

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00868-FWS-JPR   Date: August 30, 2024
Title: Ameris Bank v. Katia Soler

___

Once a court concludes that default judgment is appropriate, it must determine what relief is warranted. As discussed above, Balboa requests (1) compensatory damages, (2) prejudgment interest, (3) attorney fees, and (4) costs. (*See* Proposed Judgment.)

### 1. Compensatory Damages

Balboa requests $212,638.68 in compensatory damages. (Proposed Judgment.) "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo*, 826 F.2d at 917-18. The plaintiff bears "the burden of proving damages through testimony or written affidavit." *Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). "Where damages are liquidated or otherwise capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing." *Nike, Inc. v. B&B Clothing Co.*, 2007 WL 1515307, at *1 (E.D. Cal. May 22, 2007) (internal citations omitted).

"Damages for breach of contract include general (or direct) damages, which compensate for the value of the promised performance, and consequential damages, which are indirect and compensate for additional losses incurred as a result of the breach." *Speirs v. BlueFire Ethanol Fuels, Inc.*, 243 Cal. App. 4th 969, 989 (2015) (citation omitted). "Direct damages are typically expectation damages, measured by what it would take to put the non-breaching party in the same position that it would be in had the breaching party performed as promised under the contract." *Id.* (citation omitted). An award of contract damages is meant to compensate the aggrieved party "for the loss of his 'expectational interest'—the benefit of his bargain which full performance would have brought." *Runyan v. Pac. Air Indus., Inc.*, 2 Cal. 3d 304, 316 n.15 (1970). "The goal is to put the plaintiff in as good a position as he or she would have occupied if the defendant had not breached the contract." *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 967 (2004) (internal quotation marks omitted).

The court finds Balboa has provided sufficient proof of the damages stemming from the breach of the Guaranty in the form of the remaining monthly payments owed, including by providing copies of the EFA in addition to accounting records related to JKJC's loan. (*See*

___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00868-FWS-JPRDate: August 30, 2024
Title: Ameris Bank v. Katia Soler

EFA; Ngo Decl. Ex. C (Balboa's Accounting Records).) Damages for the remaining monthly payments owed are no greater than the amount required to put Balboa in the same position it would have been in had Defendant performed according to the terms of the Guaranty and are appropriately awarded. *See Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 967 (2004) ("The goal is to put the plaintiff in as good a position as he or she would have occupied if the defendant had not breached the contract.") (internal quotation marks omitted). The court therefore awards compensatory damages in the amount of the 56 remaining monthly payments of $3,789.00 each, for a total of $212,184.00.

However, the court finds Balboa has failed to adequately support the $454.68 it seeks in late charges. (*See* Ngo Decl. ¶ 6.) Although the EFA provides for late charges, (EFA ¶ 19), the court observes Balboa has not submitted sufficient testimony or documentation regarding how the late charges it seeks were calculated. (*See generally* Mot.; Ngo Decl.) Accordingly, the court concludes Balboa is entitled to recover as compensatory damages the monthly payments remaining on the EFA, in the amount of $212,184.00, but not late charges.

### 2. Prejudgment Interest

Balboa also requests prejudgment interest at the statutory rate of 10% per annum from the date of the breach through the date judgment is entered. (Proposed Judgment ¶¶ 1.c.; Densen Decl. ¶ 5.) California law provides that prejudgment interest on a breach of contract claim begins to run from the date of injury if the damages are certain, but from no earlier than the date of the complaint if the damages are uncertain. Cal. Civ. Code § 3287. "Typically, damages are deemed certain or capable of being made certain when 'there is essentially no dispute between the parties concerning the basis of computation of damages' and the underlying dispute centers solely on the question of liability." *W. Air Charter, Inc. v. Schembari*, 2019 WL 6998789, at *2 (C.D. Cal. Mar. 7, 2019) (quoting *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154 (1991)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00868-FWS-JPR                                      Date: August 30, 2024
Title: Ameris Bank v. Katia Soler

There is no material dispute that Balboa performed its obligations under the EFA and Guaranty while Defendant did not perform her obligations under the Guaranty, and the court finds liability for each monthly payment was clearly ascertainable as of the date each was due. California law provides that Balboa's requested rate of 10% per annum is properly awarded where prejudgment interest is available based on a breach of contract action unless another rate is specified in the contract. Cal. Civ. Code § 3298(b). Thus, the court will apply a 10% per annum rate to Balboa's breach of contract damages from the date of Defendant's breach, January 27, 2024, to the date judgement is entered, August 30, 2024.

As explained in Section II.D.1., *supra*, the court finds the amount owed for remaining monthly payments is $212,184.00. Multiplying that amount by an interest rate of 10%, divided by 365 days per year, results in a daily rate of $58.13. (*See* Denson Decl. ¶ 5.) There are 216 days between January 27, 2024, the date of the breach, and the date of judgment, August 30, 2024. Thus, the court awards $12,556.08 in prejudgment interest.

### 3. Attorney Fees

Balboa requests attorney fees in accordance with the fee schedule in Central District of California Local Rule 55-3. (Denson Decl. ¶ 7.) Under Local Rule 55-3, a party awarded more than $100,000 may recover $5,600 in attorney fees plus 2% of the judgment amount over $100,000, so long as an "applicable statute provides for the recovery of reasonable attorneys' fees." C.D. Cal. L.R. 55-3; *see also Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018). "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). As relevant here, California Code of Civil Procedure § 1021 provides that "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Cal. Civ. Proc. Code § 1021. California Civil Code § 1717 further provides:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00868-FWS-JPR                                   Date: August 30, 2024
Title: Ameris Bank v. Katia Soler

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). The trial court "shall determine who is the party prevailing on the contract" by analyzing which party "recovered a greater relief in the action on the contract." *Id.* § 1717(b).

As the court noted, the EFA specifically provides that Balboa may recover attorney fees. (EFA ¶ 19.) And the court finds Balboa is the prevailing party because Balboa recovered "a greater relief in the action on the contract," including the compensatory damages and prejudgment interest described above. Cal. Civ. Code § 1717(a). Therefore, the court concludes Balboa is entitled to attorney fees under California law. Balboa asks the court to calculate attorney fees based on the amount of compensatory damages awarded, which is $212,184.00. (*See* Densen Decl. ¶ 5.) The court therefore awards Balboa $5,600 in attorney fees, plus 2% of the amount over $100,000, or $2,243.68, for a total attorney fee award of $7,843.68. *See* C.D. Cal. L.R. 55-3.

### 4. Costs

Finally, Balboa requests $504.00 in costs, which is comprised of $405.00 for the Complaint's filing fee, $99.00 to serve Defendant. (Densen Decl. ¶ 7, Ex. E.) Unless federal law or the Federal Rules of Civil Procedure provide otherwise, the court may order costs other than attorney fees to a prevailing party. Fed. R. Civ. P. 54(d)(1); *see also* L.R. 54-1 (stating the prevailing party, or "the party in whose favor judgment is entered," is entitled to costs). Courts may award "taxable costs" such as: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for necessarily obtained exemplification and copying costs; (5) docket fees; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-00868-FWS-JPR | Date: August 30, 2024 |
| Title: Ameris Bank v. Katia Soler | |

(6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920; *see also* L.R. 54-3.

In addition, where a statute's fee shifting provisions permit the recovery of reasonable attorney fees, the court has discretion to award non-taxable costs to the prevailing party. *See Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010). Although a "district court must specify reasons for its refusal to award costs," *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (citation and internal quotation marks omitted), the court need not "specify reasons for its decision to abide the presumption and tax costs to the losing party." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003); *see also Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs.").

As the party awarded default judgment and damages, Balboa is the prevailing party and thus may recover costs associated with the civil filing fee and service of process pursuant to Rule 54(d) and Local Rules 54-3.1 and 54-3.2. *See* L.R. 54-3.1 & 54-3.2 ("Reasonable fees for service of process under F.R.Civ.P. 4 . . . are taxable, including reasonable fees for research, surveillance, wait time, and parking incurred in connection with service."). The court finds Balboa has provided sufficient documentation substantiating its requested costs. (Densen Decl. ¶ 7, Ex. E.) Accordingly, the court awards Balboa $504.00 in costs. *See, e.g., Ameris Bank v. Mountainside Coal Co.*, 2024 WL 2406769, at *6 (C.D. Cal. Mar. 21, 2024) ("Balboa incurred a $402.00 filing fee for its Complaint and paid $99.00 for service of process. The Court finds the costs reasonable. Accordingly, the Court grants Balboa $501.00 in costs.") (citation omitted).

### III. Disposition

For the reasons stated above, the Motion is **GRANTED IN SUBSTANTIAL PART**. The Motion is **GRANTED** as to Balboa's request for entry of default judgment against Defendant, and the court awards (1) $212,184.00 in compensatory damages; (2) $12,556.08 in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-00868-FWS-JPR | Date: August 30, 2024 |
| Title: Ameris Bank v. Katia Soler | |

prejudgment interest; (3) $7,843.68 in attorney fees; and (4) $504.00 in costs.  The Motion is **DENIED** only insofar as Balboa seeks to recover late charges.  The court will enter judgment in accordance with this Order.

                                                                Initials of Deputy Clerk:  mku